

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00252-CR

_____

CANDACE LEIGH ELMORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19114

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

An Upshur County jury convicted Candace Leigh Elmore of possession of less than one gram of methamphetamine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). After a punishment trial to the bench, the trial court sentenced Elmore to five years' imprisonment. In her sole issue on appeal, Elmore argues that the trial court erred by allowing an alternate juror to remain with the jury panel during deliberation. We find that Elmore failed to preserve this issue for our review. Even so, we find that the trial court's judgment must be modified to reflect that there was no plea agreement in this case. As modified, we affirm the trial court's judgment.

## I. Factual Background

Justin Nustad, a sergeant with the Upshur County Special Investigations Unit, testified that he conducted a traffic stop of a vehicle driven by Preston King. King's girlfriend, Elmore, was the only passenger. According to Nustad, King provided consent to allow officers to search the vehicle.

Nustad noticed a torch lighter in an open purse, obtained consent to search it, and found two broken glass pipes inside of the purse, containing what appeared to be methamphetamine residue. Lauren Perry, a forensic chemist with the Texas Department of Public Safety Crime Laboratory, testified that she analyzed one of the pipes and confirmed that it contained .36 grams of methamphetamine.

Nustad said Elmore denied any knowledge of the pipes and provided the names of people she believed may have put them in her purse. Because Elmore was in possession of the broken

pipes, Nustad testified that he did not investigate Elmore's claims. In Elmore's defense, King said that Elmore's cousin was staying with them at the time, said that she had just been kicked out, and implied that she could have left the methamphetamine pipes in Elmore's purse. The jury unanimously rejected Elmore's defense and convicted her of possession of less than one gram of methamphetamine.

## II.  Elmore Failed to Preserve Her Sole Point of Error

Before deliberation, the trial court instructed the alternate juror in front of the jury panel, as follows: "I'll tell you that when you go into the jury room, . . . you are there just to observe. The 12 regular jurors will deliberate and have their discussion, but you will not have any kind of input, you will just observe and you will not vote with them." At no point did Elmore object to the trial court's decision to allow the alternate juror to remain with the jury during deliberation.

Even so, for the first time on appeal, Elmore argues that the trial court's decision to send the alternate juror into the deliberation room violated Article 36.22 of the Texas Code of Criminal Procedure. That article states, "No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." TEX. CODE CRIM. PROC. ANN. art. 36.22.

The State argues that the issue is unpreserved, and we agree. "To preserve error for appellate review, a defendant must make a timely request, objection, or motion stating the grounds upon which [s]he is entitled to a favorable ruling." *Laws v. State*, 640 S.W.3d 227, 229 (Tex. Crim. App. 2022) (citing TEX. R. APP. P. 33.1(a)(1)). This error preservation rule applies

3

to claims of an Article 36.22 violation. *Id.*; *see also Taylor v. State*, No. 06-22-00071-CR, 2023 WL 2472641, at *5 (Tex. App.—Texarkana Mar. 13, 2023, pet. ref'd) (mem. op., not designated for publication). Here, because the record reveals the lack of any objection raising Elmore's sole appellate issue, we find it unpreserved and overrule her point of error.[1]

## III.     The Judgment Must Be Modified

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

The record reflects that Elmore waived her right to a punishment trial by jury and elected instead to have the trial court assess punishment. After she pled true to the State's two enhancement allegations, the trial court sentenced Elmore to five years' imprisonment. The record further confirms that there was no plea-bargain agreement as to sentencing. However, in the section of the judgment titled "Terms of Plea Bargain," the trial court erroneously stated that there was a plea agreement for five years' imprisonment, among other things. Because there was no plea agreement in this case, we must modify the trial court's judgment accordingly.

---

[1]In support of her point of error, Elmore cites to *Becerra v. State*, 685 S.W.3d 120 (Tex. Crim. App. 2024). Because the issue was clearly preserved in *Becerra*, it is easily distinguished from this case. *Id.* at 123–24.

**IV.    Conclusion**

We modify the "Terms of Plea Bargain" section of the judgment by deleting the entire contents of that section and replacing it with the phrase "Not Applicable."   As modified, we affirm the trial court's judgment.

Charles van Cleef<br>
Justice

Date Submitted:     June 25, 2024
Date Decided:       June 26, 2024

Do Not Publish